**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> v. <br> **DEMETRIUS PULLINS,** <br>       **Defendant.** | **1:13-cr-00192-WSD** |

**OPINION AND ORDER**

This matter is before the Court on Defendant Demetrius Pullins' Letter to the Court (the "Letter") [59], which the Clerk's Office construes as a Motion to Dismiss.

**I.     BACKGROUND**

On May 9, 2013, a grand jury sitting in the Northern District of Georgia indicted Defendant on three (3) counts: (1) Possession with the Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii); (2) Possession of a Weapon During and in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e).  ([1]). On February 27, 2014, Defendant pleaded guilty to counts one and two of the

Indictment.¹ ([38]).  On June 4, 2014, Defendant was sentenced to two hundred fifty (250) months imprisonment, followed by five (5) years of supervised release. ([50] at 2-3).  On June 6, 2014, the Clerk of Court entered the Judgment and Commitment Order in this action.  (Id.).  Defendant did not appeal his judgment or conviction.  On January 19, 2016, Defendant filed his Letter to the Court, in which he now moves to dismiss his case.  ([59]).

## II.   DISCUSSION

Defendant, in his letter, moves the Court to dismiss this action due to constitutional violations during the investigation and prosecution of his case. These violations include lack of probable cause to search his address, "unlawful search, illegal arrest, and false imprisonment." (Id. at 1).  Defendant's challenge to his indictment and prosecution is, in effect, a challenge to his conviction.  When challenging a conviction in federal court, a defendant ordinarily must file a motion "to vacate, set aside, or correct [his] sentence." 28 U.S.C. § 2255(a) ("§ 2255 Motion").  See United States v. Brown, 117 F.3d 471, 474-75 (11th Cir. 1997).

Defendant filed his Letter to the Court requesting dismissal of this case nearly one (1) year and seven (7) months after the June 6, 2014, judgment was

---

¹ Count 2 of the Indictment was dismissed without prejudice pursuant to Standing Order No. 07-04.  ([50]).

filed. Defendant's filing would thus be time-barred if the Court were to characterize it as a motion to vacate pursuant to 28 U.S.C. § 2255(a). See 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final[.]"). Moreover, the Supreme Court has discouraged federal district courts from *sua sponte* recharacterizing a *pro se* pleading as an initial § 2255 motion. Castro v. United States, 540 U.S. 375, 377 (2003). Defendant's motion seemingly seeking to challenge his conviction is denied.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Demetrius Pullins' Letter to the Court [59], construed as a Motion to Dismiss, is **DENIED**.

**SO ORDERED** this 30th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

3