# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> v. <br> **DEMETRIUS PULLINS,** <br>     **Defendant.** | 1:13-cr-00192-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Demetrius Pullins' ("Defendant") *pro se* Motion for Extension of Time to File a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [63] ("Motion" or "Motion for Extension of Time").

## I. BACKGROUND

On June 4, 2014, Defendant was sentenced to two hundred fifty (250) months incarceration with five (5) years of supervised release after pleading guilty to one count of Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(A)(iii), and one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ([48], [50]). The judgment of conviction was entered on June 6, 2014. ([50]). Defendant did not appeal his conviction or sentence.

On April 3, 2017, Defendant filed his Motion.[1]  Defendant requests an extension of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 motion").  Defendant argues that he has been housed in facilities where he was unable to conduct the necessary research to file a Section 2255 motion within the one-year statutory timeframe.

## II. DISCUSSION

### A. Legal Standard

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f).  The limitations period generally runs from the date on which the judgment of conviction becomes final.  Id.[2]  If a federal defendant does not file an appeal, the judgment of conviction becomes final when the time to file an

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014).  Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

[2] This is subject to limited exceptions not applicable in this case.  See 28 U.S.C. § 2255(f)(2)-(4) (providing that the limitations period may begin on a different date where unlawful government action impeded the filing of the Section 2255 motion, the movant asserts a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or the movant discovered facts supporting the claim that could not have been discovered earlier with due diligence).

appeal—fourteen days in this case—expires. 28 U.S.C. § 2255(f)(l); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Fed. R. App. P. 4(b)(1)(A). A federal court may consider the merits of an untimely Section 2255 motion only if the movant establishes that he is actually innocent or that the limitations period should be equitably tolled. San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011); United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005). The limitations period may be equitably tolled only if the movant exercised reasonable diligence in pursuing his rights and his filing delay resulted from extraordinary circumstances outside his control. See Holland v. Florida, 130 S. Ct. 2549, 2562, 2565 (2010). The burden to show that equitable tolling is warranted "rests squarely on the petitioner," who must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin, 633 F.3d at 1267-68. Equitable tolling is a "rare and extraordinary remedy." Id. at 1271 (quotation marks omitted).

    B.    Analysis

Defendant did not file a direct appeal of his conviction or sentence. His judgment of conviction thus became final on June 20, 2014, fourteen days after judgment was entered on June 6, 2014. The limitations period began on

June 20, 2014, and ended on June 20, 2015, one year later.[3] Because Defendant seeks to file a Section 2255 motion after June 20, 2015, his Section 2255 motion is untimely. This failure to timely file can be excused only if Defendant shows that the period should be equitably tolled.[4]

Accepting as true the statements in his Motion, Defendant does not meet his burden to show that he is entitled to equitable tolling. Defendant claims that he was held in state custody on a writ for twenty-two (22) months and that the facility only allowed access to the law library for ten (10) minutes, presumably each day. The law library allegedly only provided state law materials. Defendant, however, fails to show how this limited access to legal materials caused him to be unable to file a timely Section 2255 motion. Defendant does not claim that his detention in state custody was unconstitutional, inappropriate, or so outside of routine practice to qualify as an "extraordinary circumstance" justifying equitable tolling. See Dodd v. United States, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (prisoner separated from legal papers for over ten months did not meet "extraordinary circumstances" exception to the tolling limitations); see also Knight v. Sec'y, Fla.

---

[3] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," that is, the same day of the same month in the following year. See Downs v. McNeil, 520 F .3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

[4] Defendant does not contend that he is actually innocent.

Dep't of Corr., 2011 WL 3349042 at *4 (M.D. Fla. Aug. 3, 2011)) ("neither an alleged inadequate prison law library, nor limited access to the library establishes extraordinary circumstances warranting an equitable tolling of the limitation period."); Williams v. United States, 2011 WL 1878124 at *3 (S.D. Fla. Apr. 25, 2011) (petitioner's prisoner status and the realities of incarceration are not extraordinary circumstances sufficient to apply equitable tolling).

Defendant has not shown that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his Section 2255 motion. Defendant is not entitled to an extension of the deadline to file a Section 2255 motion, and his Motion for Extension of Time is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Demetrius Pullins' Motion for Extension of Time to File a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [63] is **DENIED**.

**SO ORDERED** this 5th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE