# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **DEMETRIUS PULLINS,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:13-CR-0192-LMM-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:18-CV-4024-LMM-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate, [Doc. 65], Respondent's response, [Doc. 67], and Movant's reply, [Doc. 70]. For the reasons discussed below, the undersigned **RECOMMENDS** that Movant's motion to vacate be **DISMISSED** as untimely and that a certificate of appealability (COA) be **DENIED**.

## I.   Background

The grand jury for the Northern District of Georgia charged Movant in count one with possessing with intent to distribute cocaine base, in count two with possessing at least one firearm in furtherance of drug trafficking crimes, and in count three with possessing firearms as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). (Indictment, ECF No. 1.) On February 27, 2014, represented by Rodney Zell, Movant pleaded guilty to counts one and three. (Guilty Plea and Plea Agreement, ECF No. 38-1; Plea Hr'g Tr., ECF No. 57.) In pleading guilty, Movant agreed that, under count three (his § 922(g) charge), he was subject to a mandatory minimum term of fifteen years.[1] (*See* Guilty Plea and Plea Agreement at 3; Guilty Plea Tr. at 13, 19, 29.) The presentence investigation report (PSR) also stated that on count three, the statutory range of punishment was fifteen years to life, and Movant did not object. (*See* PSR at 1 and Addendum.)

At sentencing, the Court found that Movant's guidelines range was 235 to 293 months, (Sentencing Tr. at 25, ECF No. 58), and by judgment entered on June 6, 2014, the Court imposed on Movant a total 250-month term of imprisonment, (J., ECF No. 50). The record does not indicate that Movant sought direct review.

On January 19, 2016, Movant filed a letter, which the Clerk of Court construed as a motion to dismiss the case. (Mot. to Dismiss Case, ECF No. 59.) The Court found

---

[1] Section 924(e) of Title 18 dictates a fifteen year minimum sentence for a person who violates § 922(g) and who has three prior convictions for violent felonies or serious drug offenses. The record indicates that Movant previously was convicted in state court for the felony offenses of possession with intent to distribute cocaine in about 1993, case number Z62023; possession with intent to distribute cocaine in about 1994, case number Z61830; and trafficking in cocaine in 2008, case number 08SC67659. (*See* Indictment at 2; Notice at 1-2, ECF No. 31; PSR ¶¶ 38, 40, 48, 51.)

that Movant essentially challenged his conviction, that such challenge ordinarily should be brought via a § 2255 motion, that a § 2255 motion would be time-barred if the Court recharacterized Movant's letter as such, and that the United States Supreme Court discouraged *sua sponte* recharacterizing a *pro se* pleading as an initial § 2255 motion. (Op. and Order filed Aug. 31, 2016 at 2-3, ECF No. 61.) Accordingly, the Court denied Movant's motion to dismiss.[2] (*Id.* at 3.)

On April 7, 2017, Movant filed a motion to extend the time for filing a § 2255 motion and argued that, due to transfers and being housed in facilities where he had been unable to conduct necessary research, he had been unable to file a § 2255 motion within the one-year limitations period. (Mot. for Extension at 2-3, ECF No. 63.) The Court found as follows –

> [Defendant's] judgment of conviction . . . became final on June 20, 2014, fourteen days after judgement was entered on June 6, 2014. The limitations period began on June 20, 2014, and ended on June 20, 2015, one year later. Because Defendant seeks to file a Section 2255 motion after June 20, 2015, his Section 2255 motion is untimely.

---

[2] Respondent has stated that the Court construed the January 2016 letter as a § 2255 motion and found that it was time barred. (Resp't Resp. at 9, ECF No. 67.) In reply, Petitioner asserts that the Court never gave him notice that it was recharacterizing his letter as a § 2255 motion. (Pet'r Reply at 1, ECF No. 70.) The Court's wording in its Order and Opinion does not indicate that it recharacterized the January 2016 letter as a motion to vacate, and the instant § 2255 motion is considered as Movant's first § 2255 motion.

3

(Op. and Order filed on May 5, 2017 at 3-4, ECF No. 64.)  The Court found that Movant had not shown that he was entitled to equitable tolling[3] and denied his motion for an extension of time.  (*Id.* at 4-5.)[4]

On August 21, 2018,[5] Movant filed his instant motion to vacate. (Mot. to Vacate, ECF No. 65.)  Movant complains in regard to count three, which was charged under § 922(g)(1) and § 924(a)(2) (dictating a prison term of not more than ten years) and on which he was sentenced under § 924(e) (dictating fifteen year minimum sentence for a person with three prior convictions for violent felonies or serious drug offenses who violates § 922(g)).  (*See* Mem. in Support of Mot. to Vacate at 3-9, ECF No. 65-1.)

---

[3]   The parties have been advised that the matter of equitable tolling previously decided by the Court is settled and will not be again considered. (*See* Order filed on Sept. 4, 2018 at 1-2 n.1, ECF No. 66.)

[4]   Although the Court stated, "his Section 2255 motion is untimely," it is not obvious that the Court intended to recharacterize the motion for an extension of time as a motion to vacate.  Further, the Court did not provide notice to Movant that his motion for an extension of time was being recharacterized as a motion to vacate.  In the circumstances, it appears that the Court simply denied Movant's motion for an extension of time.

[5]   Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988); *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012)).

AO 72A
(Rev.8/82)

Movant raises three grounds for relief. Movant asserts (1) that he is legally and factually innocent of the Armed Career Criminal Act (ACCA) enhancement, § 924(e), on which he was not formally charged in the indictment; (2) that he received ineffective assistance of counsel in regard to the § 924(e) enhancement, on which Movant was not formally indicted and which subjected him to a fifteen year minimum sentence instead of a ten year maximum;[6] and (3) that his sentence is unreasonable. (Mot. to Vacate at 5-6, 8; Mem. in Support of Mot. to Vacate at 2-8.) In regard to the timeliness of his

---

[6] In regard to the concern that § 924(e) was not cited in count three of the indictment, the Court observes that prior convictions for purposes of sentencing enhancement are not considered an element of the offense that must be charged in the indictment. *United States v. Boatley*, 551 Fed. Appx. 535, 536 (11th Cir. Jan. 7, 2014) (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)). The Court perceives no jurisdictional insufficiency in the indictment based on the failure to cite § 924(e), a sentencing enhancement provision. *See United States v. Garcia*, 188 Fed. Appx. 706, 708 (10th Cir. July 11, 2006) (rejecting claim that defendant must be indicted under § 924(e) to be sentenced thereunder); *United States v. Ruo*, 943 F.2d 1274, 1275 (11th Cir. 1991) ("[Section 924(e)] is merely a sentence enhancement provision; it does not create a separate offense. . . . The predicate convictions need not be set out in the indictment nor proved beyond a reasonable doubt at trial, as they are only relevant for recidivist sentencing."); *cf. United States v. Santiago*, 268 F.3d 151, 153 n.3 (2d Cir. 2001) (stating that the defendant had been charged with violating § 922(g)(1) and § 942(a)(2) but not § 924(e); stating that, "[b]ecause we hold that the prior-felony provisions of § 924(e) are not elements that must be charged in the indictment, we attach no significance to the indictment's reference to § 924(a)(2)"; but noting that the defendant had "not argued that the indictment's reference to § 924(a)(2) by itself . . . constrained the district court's ability to impose a sentence greater than ten years, and we express no opinion as to the merits of such an argument").

motion, Movant appears to assert that his motion should be deemed timely because the Court lacked jurisdiction to impose his current sentence. (Mem. in Support of Mot. to Vacate at 10.)

Respondent responds that this action is untimely, that nothing in the record contradicts the Court's prior finding that Movant failed to show that equitable tolling applies, that Movant fails to show that he is entitled to an actual innocence exception to the one-year limitations period, and that this action must be dismissed as untimely. (Resp't Resp. at 11-13, ECF No. 67.) Movant replies but does not add any significant argument in regard to timeliness. (Mov't Reply, ECF No. 70.)

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to § 2255 motions. *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015), *cert. denied*, _ U.S. _, 137 S. Ct. 40 (2016). The one-year statute of limitations runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Equitable tolling of the federal limitations period sometimes may be warranted, but "only if the petitioner establishes (1) extraordinary circumstances, and (2) due diligence. . . . [E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." *Williams v. United States*, 491 F.3d 1282, 1284 (11th Cir. 2007). Actual innocence also provides a limited exception to AEDPA's time limitations. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." *McKay*, 657 F.3d at 1196 (alteration in original) (quoting *Schlup*, 513 U.S. at 327). To the extent that an actual innocence exception extends to a sentence-enhancement claim, the movant must show that he is factually innocent of the qualifying offenses used to enhance his sentence. *See id.*

at 1198-99 (declining to decide whether the actual innocence exception can be applied to a non-capital sentencing claim and stating, to the extent it applies, "a movant must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence" and  "a claim of mere legal innocence of a sentence would not win the day").

Under § 2255(f)(1), Movant's convictions became final on June 20, 2014, fourteen days after judgment was entered on June 6, 2014.  (J., ECF No. 50); *see* Fed. R. App. P. 4(b)(1)(A).  There is no indication that § 2255(f)(2)-(4) apply, and the Court does not again address equitable tolling, previously decided in the Court's May 2017 Order and Opinion, which Movant did not appeal.  Further, Movant does not show that he is entitled to an actual innocence exception to the federal limitations period based on his assertion that failure to cite § 924(e) in the indictment deprived the district court of jurisdiction or his claim that he is innocent of an enhancement under § 924(e).  Movant's assertion that omission of § 924(e) from the indictment deprived the district court of jurisdiction to sentence him is, at most, a claim of legal innocence, not factual.  *See Jones v. Warden*, 683 Fed. Appx. 799, 801 (11th Cir. Mar. 28, 2017) (finding that petitioner's "argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his

AO 72A
(Rev.8/82)

failure to file his federal petition sooner"); *Justo v. Culliver*, 317 Fed. Appx. 878, 880 (11th Cir. Aug. 21, 2008) (stating that the petitioner must show factual innocence and rejecting attempt in § 2254 proceedings to claim actual innocence exception based on a deficient indictment); *Andrews v. United States*, 5:08-CR-00072 (MTT), 2013 WL 12303371, at *14 (M.D. Ga. Oct. 18, 2013) (rejecting actual innocence claim that "largely hinge[d] on [the movant's] perceptions about the legal insufficiency of the indictment" and finding that claim based on legal sufficiency of indictment was not cognizable as a claim of actual, factual innocence). Further, Movant does not show factual innocence of the underlying convictions upon which application of § 924(e) was based. *See McKay*, 657 F.3d at 1199 ("We . . . decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence.").

Thus, Movant's § 2255 motion to vacate was due by June 20, 2015, one year after Movant's conviction became final on June 20, 2014, and his August 2018 motion is over three years late. This action should be dismissed as untimely.

AO 72A
(Rev.8/8
2)

**III.     Certificate of Appealability (COA)**

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Lambrix v. Sec'y, DOC*, 872 F.3d 1170, 1179 (11th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), *cert. denied*, _ U.S. _, 138 S. Ct. 312 (2017).

It is recommended that a COA is unwarranted because based on the record before the Court it is not reasonably debatable that Movant's motion to vacate is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under

10

Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV.     Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, [Doc. 65], to vacate, set aside, or correct his federal sentence be **DENIED** and **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 30th day of November, 2018.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)